Nicholas Charles, Appellant *v.* Commonwealth of Pennsylvania ex rel. John Bott, Appellee.

Submitted on briefs, May 7, 1979, to Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Robert H. Somerton,* for appellant.

*Alvin J. Ludwig,* with him *M. Victoria Geddis,* and *Ludwig, Schauffler, Klein & Geddis,* for appellee.

OPINION BY JUDGE ROGERS, June 19, 1979:

Nicholas Charles has appealed from a judgment of sentence imposed upon him in the Court of Common Pleas of Allegheny County for violations of the zoning ordinance of the Township of Reserve. We affirm the judgment.

The appellant is the owner of land located in a zoning district of the Township of Reserve in which any use of land is restricted by Article II, Section 1-A of the Township Zoning Ordinance as follows: "In this district the land may be used and buildings may be erected . . . only for one-family or two-family dwelling houses." Prior to 1974, only a one-story single family dwelling existed on the appellant's land. The appellant applied for and received a permit to build a three-car garage attached to the house. He filed amended applications with plans to construct a four-bedroom apartment over both the proposed garage addition and part of the existing dwelling house. The Township approved the amended applications and issued new building permits in accordance with the plans. The appellant proceeded to construct an addition consisting of the three-car garage and above this and the dwelling house not one four-bedroom apartment, but two separate two-bedroom apartments. The resulting structure, the original house and the addition, was hence a three-family dwelling.

The appellant also applied to the Township for permission to construct a dog kennel on his property.

The administrative officer of the Township denied the application as being beyond his authority to grant. The appellant nevertheless proceeded without a building permit to construct a dog kennel consisting of a concrete pad enclosed by a mesh wire fence.

As a result of the appellant's construction of the garage and two apartment addition and the dog kennel, the Township filed a complaint against him before a district justice of the peace for violations of the Township's zoning ordinance. For constructing the two-family addition to the existing one-family dwelling, the appellant was found guilty in summary proceedings of violating Article III, Section (i) of the ordinance which provides in part: "All new houses shall be of the one-family or two-family size only." For constructing the dog kennel without a building permit, he was found guilty of violating Article IV, Section 3 which prohibits the erection of any structure without a building permit. The appellant appealed the convictions to the Court of Common Pleas, which, after hearing *de novo*, again found him guilty of both offenses and sentenced him to pay a fine of $50.00 and costs of $16.00. This appeal followed.

We first note that the appellant has made no argument in opposition to his conviction of violating Article IV, Section 3 by the construction of the kennel.

The appellant says that he should not have been found guilty of violating Article III, Section (i) because the section is incapable of exact interpretation. The contention is without merit. Article III consists of eleven zoning provisions of a general nature. The first seven concern nonconforming uses. The two following subsections of which the second is (i) are concerned not with existing, nonconforming uses or structures but with new construction. Subsection (i), while it inartfully uses the phrase "new houses," in context

clearly includes converted houses and restricts their size to one-family or two-family, consistent with the specific requirement of Article II, Section 1-A.

The appellant next argues that he could rely on the terms of the building permit which provided: "At no time shall this structure be used for more than 2 families at any time. It is in a residential district of the Township." The appellant says that the "structure" referred to must mean the addition and not the entire dwelling. This interpretation flies in the face of Article II, Section 1-A where, as we have already mentioned, "land may be used and buildings may be erected, altered or used only for one-family or two-family dwelling houses."

Judgment of sentence affirmed.

ORDER

AND Now, this 19th day of June, 1979, the judgment of sentence of the Court of Common Pleas of Allegheny County is hereby affirmed.